Elizabeth RUSH, Special Administrator
of the Estate of Sandra Rush,
Deceased, Plaintiff,

v.

Gordon JOHNSON, Director of the Illinois Department of Children and Family Services, Ezil Wilkins, and Gloria Bassara, Employees of the Illinois Department of Children and Family Services, Defendants.

No. 88 C 2800.

United States District Court,
N.D. Illinois, E.D.

Jan. 12, 1989.

---

## MEMORANDUM OPINION
## AND ORDER

ANN C. WILLIAMS, District Judge.

On October 30, 1985, an Illinois court placed Sandra Rush and her sister Michelle in the custody of their father, Brian Rush. On April 3, 1988, Sandra was beaten to death by John Hemmer, who was living in Brian Rush's house at the time. This § 1983 suit is brought by Elizabeth Rush, suing on behalf of her daughter. She alleges that the defendants, employees of the Illinois Department of Children and Family Services (DCFS) deprived Sandra of her rights to life and to bodily integrity by failing to investigate numerous complaints that the child was being abused in her father's house.

This suit is foreclosed by *DeShaney v. Winnebago County Dept. of Social Services*, 812 F.2d 298 (7th Cir.1987). In *DeShaney*, a five year old boy was placed in his father's custody by a Wyoming court. The child was periodically hospitalized, and the Wisconsin agency responsible for investigating such matters strongly suspected that the father was beating his son. Nothing effective was done, and the father eventually beat the child so severely that half of his brain was destroyed. The Seventh Circuit rejected the child's § 1983 claim for deprivation of liberty or property, citing "the rule, well established in this circuit, that the state's failure to protect people from private violence, or other mishaps not attributable to the conduct of its employees, is not a deprivation of constitutionally protected property or liberty." *DeShaney*, 812 F.2d at 301.

This case is indistinguishable from *DeShaney*. Ms. Rush's attempts to draw distinctions are unpersuasive. For example, she argues that, unlike in *DeShaney*, Sandra was not beaten by her father, but by a non-family member living in the household. If anything, this further attenuates the connection between DCFS and the children for which Ms. Rush wants DCFS to be responsible. Ms. Rush also points out that, unlike in *DeShaney*, the defendants here did not make frequent visits to the Rush house and did not recommend that the abusing adult be removed. These distinctions are not significant, and they certainly do not remove this case from the Seventh Circuit's unequivocal pronouncement that "a constitutional tort requires deprivation

by the defendant, and not merely a failure to protect the plaintiff from a danger created by others." *DeShaney*, 812 F.2d at 302. Finally, Ms. Rush's analogy of this case to § 1983 prisoner cases is likewise unavailing, since the Seventh Circuit observed in *DeShaney* that the "special relationship" theory of prisoner cases does not apply in this context, where the child was not placed in a position of danger by DCFS, but by a court, and DCFS did not have custody over the child. *DeShaney*, 812 F.2d at 303–304.

*DeShaney* is presently on appeal before the Supreme Court, —— U.S. ——, 108 S.Ct. 1218, 99 L.Ed.2d 419 (1988). Unless the law changes, however, Ms. Rush has not stated a cause of action. This case must be dismissed.